084343.0014(207)　　　　　　　　RMC:lab　　　　　　　　#397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **COLLIERS BENNETT & KAHNWEILER,** | ) |
| **LLC, a foreign limited liability company,** | ) |
| **and ADAM CHMIELEWSKI,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Owners Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Colliers Bennett & Kahnweiler LLC, a foreign limited liability company also known as Colliers International, and Adam Chmielewski, alleges the following:

### JURISDICTION

1. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

**VENUE**

2. Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District.

**THE PARTIES**

3. Owners Insurance Company ("Owners") is a Michigan insurance corporation, which maintains its principal place of business in Lansing, Michigan, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4. Colliers Bennett & Kahnweiler LLC also known as Colliers International ("Colliers") is a Delaware limited liability company which maintains its principal place of business in Rosemont, Illinois, and is a Manager operated corporation. The Managers of Colliers are Gil Borok, who is a citizen of the State of California and a resident of Woodland Hills, California, James Carris who is a citizen of the State of Illinois and a resident of Chicago, Illinois, and Matthew Hawkins who is a citizen of Canada and a resident of Toronto, Ontario, Canada.

5. Adam Chmielewski ("the underlying Plaintiff") is the plaintiff in a certain action brought against Colliers in another Court, which action will be more fully described later herein, and who is a nominal but interested party to this declaratory judgment action. Owners seeks no relief from the underlying Plaintiff, who has been joined herein as a party defendant solely in order to be bound by the judgment rendered

in this cause. The underlying Plaintiff is a citizen of the State of Illinois and a resident of Niles, Illinois.

## THE OWNERS POLICIES

6. Owners issued its policy of insurance numbered 10464-07055793-16 to Ingram Services Inc. as named insured. The Tailored Protection Policy provided for, among other things, Commercial General Liability Insurance for the effective period of October 1, 2016 to October 1, 2017. A true and correct copy of the Owners policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

7. Owners also issued its policy of insurance numbered 48-602-509-01 to Ingram as named insured. The Commercial Umbrella policy provided for, among other things, excess liability insurance for the period of October 1, 2016 to October 1, 2017. A true and correct copy of the aforesaid Owners policy is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

## THE SNOW REMOVAL CONTRACT

8. On November 10, 2014, Ingram entered into a snow plowing and removal contract with the owner of certain premises located in Skokie, Illinois, namely, 7637 New Gross Point Road also known as 5900 West Howard Avenue. Colliers signed the aforesaid agreement as the agent of the owner of the premises. A true, correct and genuine copy of the document entitled Services Contract is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

9. Colliers claims to be an "insured" on the Owners policy issued to Ingram pursuant to the Services Contract.

10. The Owners primary policy contains an additional insured endorsement, which provides, as follows:

> **BLANKET ADDITIONAL INSURED**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM.**
>
> **A.** Under **SECTION II - WHO IS AN INSURED**, the following is added:
>
> A person or organization is an Additional Insured, only with respect to liability arising out of "your work" for that Additional Insured by or for you:
>
> **1.** If required in a written contract or agreement; or
>
> **2.** If required by an oral contract or agreement only if a Certificate of Insurance was issued prior to the loss indicating that the person or organization was an Additional Insured.
>
> **B.** Under **SECTION III - LIMITS OF INSURANCE**, the following is added:
>
> The limits of liability for the Additional Insured are those specified in the written contract or agreement between the insured and the owner, lessee or contractor or those specified in the Certificate of Insurance, if an oral contract or agreement, not to exceed the limits provided in this policy. These limits are inclusive of and not in addition to the limits of insurance shown in the Declarations.
>
> **C.** **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**, is amended as follows:

1. The following provision is added to **4. Other Insurance**

   This insurance is primary for the Additional Insured, but only with respect to liability arising out of "your work" for that Additional Insured by or for you. Other insurance available to the Additional Insured will apply as excess insurance and not contribute as primary insurance to the insurance provided by this endorsement.

2. The following provision is added:

**Other Additional Insured Coverage Issued By Us**

If this policy provides coverage for the same loss to any Additional Insured specifically shown as an Additional Insured in another endorsement to this policy, our maximum limit of insurance under this endorsement and any other endorsement shall not exceed the limit of insurance in the written contract or agreement between the insured and the owner, lessee or contractor, or the limits provided in this policy, whichever is less. Our maximum limit of insurance arising out of an "occurrence", shall not exceed the limit of insurance shown in the Declarations, regardless of the number of insureds or Additional Insureds.

All other policy terms and conditions apply.

The umbrella policy issued to Ingram by Owners extends "insured" status to any person or organization who is an insured under the scheduled primary policy.

### THE UNDERLYING LITIGATION

11. An action for damages was filed against Colliers by the underlying Plaintiff seeking damages for injuries allegedly sustained on December 16, 2022 as a result of a slip-and-fall on ice or snow at certain premises managed and controlled by Colliers in its role as property manager for the owner of the premises. The underlying Plaintiff sued

5

Colliers for damages for premises liability (Count IV), negligence (Count V), and willful and wanton conduct (Count VI) in his Complaint filed in the Circuit Court of Cook County, Illinois, County Department, Law Division, pending under Cause No. 18 L 13785. A true and correct copy of the Complaint in the aforesaid action against Colliers is attached hereto, made a part hereof and is marked as Pleading Exhibit D.

## THE CERTIFICATE OF INSURANCE

12. On information and belief, the agent of Ingram issued a certain Certificate of Insurance, which certificate lists the Owners policies as policies issued to Ingram. A true, correct and genuine copy of the Certificate of Insurance, dated October –, 2016, is attached hereto, made a part hereof and is marked as Pleading Exhibit E.

13. The Certificate of Insurance states on its face as follows:

> **THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS ON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.**

14. The Certificate also states on its face as follows:

> **THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN. THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.**

## COUNT I
### (DECLARATORY JUDGMENT RE: CERTIFICATE OF INSURANCE CONFER NO RIGHTS)

15. Owners adopts and repeats the allegations of ¶¶ 1 through 14 as and for ¶ 15 hereof as though the same were fully set forth herein.

16. Owners contends that Colliers is not entitled to coverage based on the Certificate of Insurance, as the Certificate of Insurance confers no rights on Colliers, and its rights, if any, are determined by the terms and conditions of the Owners policies.

17. The above contentions of Owners are, on information and belief, denied by Colliers which, in turn, contends that Owners has a duty and obligation to defend it in the underlying Plaintiff's action. Owners, in turn, denies the contrary contentions of Colliers and each of them.

18. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and conditions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of the parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: COLLIERS NOT ADDITIONAL INSURED)

19. Owners adopts and repeats the allegations of ¶¶ 1 through 18 as and for ¶ 19 hereof as though the same were fully set forth herein.

20. Owners contends that Colliers is not an additional insured for the following reasons:

    (a) Ingram was not performing operations for Colliers, but rather for the property owner.

    (b) Ingram did not agree in a written contract with Colliers that Ingram must add Colliers as an additional insured on a policy of liability insurance.

21. The above contentions of Owners are, on information and belief, denied by Colliers which, in turn, contends that it is an additional insured under the Owners policies. Owners, in turn, denies the contrary contentions of Colliers and each of them.

22. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

**COUNT III**
**(DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)**

23. Owners in the alternative adopts and repeats the allegations of ¶¶ 1 through 22 as and for ¶ 23 hereof as though the same were fully set forth herein.

24. Owners contends, in the alternative, that Colliers is not entitled to coverage because it has been sued for its own negligence, and the additional insured endorsement

specifically and only extends "insured" status to a person or organization as an additional insured "only with respect to liability arising out of "your [Ingram's] work" for that additional insured." The endorsement operates to exclude coverage for the negligence of the additional insured, and for the following reasons:

    (a)    The additional insured endorsement to the Owners primary policy provides no coverage to Colliers for its negligence.

    (b)    The underlying Plaintiff has only sued Colliers for its own negligent conduct and not for damages based on vicarious liability for the acts or omissions of Ingram.

    (c)    The underlying Plaintiff does not seek damages for bodily injury based on vicarious liability which is imputed to Colliers solely by virtue of the acts or omissions of Ingram.

    (d)    If Colliers is an additional insured then it is an additional insured only with respect to liability for "bodily injury" caused by Ingram's acts or omissions, and Colliers has been sued only for damages by the underlying Plaintiff for its own negligence, and not for the acts or omissions of Ingram, hence Colliers is not entitled to coverage under the additional insured endorsement, as the underlying Plaintiff nowhere alleges vicarious liability.

    (e)    That if Colliers is an additional insured, it is an additional insured only with respect to liability caused by Ingram's acts or omissions in the performance of its operations for Colliers, and Ingram did not perform operations for Colliers, only for the property owner with whom it contracted.

25. The above alternative contentions of Owners are, on information and belief, denied by Colliers which, in turn, contends that the Owners primary policy provides coverage for the December 22, 2016 accident alleged in the underlying Plaintiff's complaint.

26. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

### COUNT IV
(R<small>EIMBURSEMENT</small> O<small>F</small> D<small>EFENSE</small> C<small>OSTS</small>)

27. Owners adopts and repeats the allegations of ¶¶ 1 through 26 as and for ¶ 27 hereof as though the same were fully set forth herein.

28. The Owners policies provide in an endorsement that should a Court determine that the policy does not apply and that Owners has no duty to defend, then Owners is entitled to be reimbursed by an insured for the defense costs incurred. Specifically, the endorsement provides as follows:

> A. **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY 1. Insuring Agreement**, part a. is deleted and replaced by the following:
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:
>
> > **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits of Insurance; and

    **(2)**    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**

    If we initially defend an insured or pay for an insured's defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.

    The right to reimbursement for the defense costs under this provision will apply to defense costs we have incurred after we notify you that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.

29.    In its reservation of rights letter to Colliers, Owners advised that there may be no coverage and in the event that there was a declaration of no insurance coverage, that Owners would seek to be reimbursed by Colliers for all of the defense costs paid by Owners pursuant to the reservation of rights.

30.    Upon entry of a judgment that Owners has no duty to defend Colliers for the underlying action, Colliers has an obligation to reimburse Owners for the amount paid by Owners to defend it for the action brought by the underlying Plaintiff to avoid an unjust enrichment.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Owners Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

## AS TO COUNT I:

A. That Owners Insurance Company has no duty or obligation to provide a defense to Colliers Bennett & Kahnweiler LLC for the action filed in the Circuit Court of Cook County, Illinois by Adam Chmielewski under Cause No. 18 L 13785 under its policies of insurance.

B. That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT II:

A. That Owners Insurance Company has no duty or obligation to provide a defense to Colliers Bennett & Kahnweiler LLC for the action filed in the Circuit Court of Cook County, Illinois by Adam Chmielewski under Cause No. 18 L 13785 under its policies of insurance.

B. That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.     That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT III:

A.     That Owners Insurance Company has no duty or obligation to provide a defense for Colliers Bennett & Kahnweiler LLC for the action filed in the Circuit Court of Cook County, Illinois by Adam Chmielewski under Cause No. 18 L 13785 under its policies of insurance.

B.     That the Court grant Owners Insurance Company such other and further relief as it deems fit and proper.

C.     That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT IV:

A.     That Owners Insurance Company is entitled to be reimbursed by Colliers Bennett & Kahnweiler LLC for the amount expended by Owners Insurance Company to defend Colliers Bennett & Kahnweiler LLC in the action brought by Adam Chmielewski in the Circuit Court of Cook County, Illinois under Cause No. 18 L 13785.

B. That Owners Insurance Company is entitled to a judgment against Colliers Bennett & Kahnweiler LLC for the amount of defense costs and expenses incurred by Owners Insurance Company on its behalf in connection with the action filed by Adam Chmielewski in the Circuit Court of Cook County, Illinois under Cause No. 18 L 13785.

C. That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

D. That Owners Insurance Company be awarded and have and recover their just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

/s/ Robert Marc Chemers
Robert Marc Chemers
Bar No. 0431508
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
Telephone: (312) 578-7548
Fax: (312) 346-8242
E-Mail: rchemers@pretzel-stouffer.com